108 F.3d 329
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee-Cross-Appellant,
v.
Mohammad AJMAL, Defendant-Appellant-Cross-Appellee.
 Nos. 96-1405, 96-1422.
 United States Court of Appeals, Second Circuit.
 March 5, 1997.
 
 Appeal and cross-appeal from the United States District Court for the Northern District of New York.
 Appearing for Appellant: L. John Van Norden, Van Norden & Paul, Schenectady, N.Y.
 Appearing for Appellee: Paul D. Silver, Ass't U.S. Att'y, NDNY, Albany, N.Y.
 Present: HONORABLE ELLSWORTH A. VAN GRAAFEILAND, HONORABLE THOMAS J. MESKILL, HONORABLE AMALYA L. KEARSE, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant Mohammad Ajmal appeals from a judgment entered in the United States District Court for the Northern District of New York, following a third jury trial before Frederick J. Scullin, Jr., Judge, convicting him of one count of possession with intent to distribute heroin in violation of 18 U.S.C. § 841(a)(1). He was sentenced principally to 80 months' imprisonment, to be followed by a four-year term of supervised release. On appeal Ajmal contends that the district court erred in denying his motion to dismiss the indictment on speedy trial grounds and in admitting certain evidence. Finding no basis for reversal, we affirm.
 
 
 4
 The Speedy Trial Act challenge is meritless. The district court properly concluded that the 70-day deadline for a new trial following an appeal, see 18 U.S.C. § 3161(e), was met. Section 3161(e) provides that "[t]he periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section." Under subsection (1)(F) of § 3161(h), "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing" is excluded from the number of days elapsed for speedy trial purposes. 18 U.S.C. § 3161(h)(1)(F). Under this subsection, which applies to motions by either a defendant or the government, see, e.g., United States v. Bufalino, 683 F.2d 639, 645-46 (2d Cir.1982), cert. denied, 459 U.S. 1104 (1983), the district court properly excluded the periods of delay related to the motions filed by the government following the remand after the prior appeal. Ajmal's interpretation of § 3161(e) as forbidding the exclusions that are permitted under § 3161(h) is contrary to the language and sense of § 3161(e).
 
 
 5
 Nor do we see any basis for reversal in Ajmal's evidentiary challenge. Ajmal has now been tried three times. The evidence whose nondisclosure he contends violated the government's obligations under Fed.R.Crim.P. 16, was introduced by the government at his second trial. The evidence was relevant and was not unfairly prejudicial, and Ajmal plainly had ample notice and opportunity to prepare to defend against it at his third trial. Thus, even assuming that the government's nondisclosure of the evidence was impermissibly belated with respect to the second trial, there was no prejudice to Ajmal with respect to the use of that evidence in his third trial.
 
 
 6
 We have considered all of Ajmal's contentions on his appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.
 
 
 7
 The government's cross-appeal, which the government informs us has not been approved by the Solicitor General of the United States, is dismissed.